RICHARD F. TYMA, APPELLANT, V.
JUDITH ANN TYMA, APPELLEE.

644 N.W.2d 139

Filed May 17, 2002.   No. S-01-267.

John O. Sennett and Julianna S. Jenkins, of Sennett, Duncan & Borders, for appellant.

Larry W. Beucke and Marc J. Odgaard, of Parker, Grossart, Bahensky & Beucke, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Richard F. Tyma appeals from the decree of dissolution entered by the district court for Sherman County which dissolved his marriage to Judith Ann Tyma and divided the marital estate. Richard asserts that the district court erred in its valuation and division of marital property. We reverse, and remand for further proceedings.

## STATEMENT OF FACTS

Richard and Judith were married on April 4, 1970. Richard filed for dissolution of the marriage on June 8, 2000. None of the parties' children were minors at the time of the dissolution. Trial was held December 15, 2000, to determine, inter alia, the extent and amount of the marital estate and the division of marital property. In view of our reversal and remand, we do not repeat the evidence in detail. Reference to the evidence is incorporated in the analysis as needed.

At the time of trial, Richard worked as a self-employed general repairman who also bought and sold equipment. Judith had been employed by Litchfield Public Schools since 1983. During the marriage, in 1992 and 1993, Richard inherited money from an uncle and from an aunt. Richard testified that he had used approximately $3,000 of the inheritance from his uncle to build an addition to the family home and approximately $2,000 to $3,000 of the inheritance from his aunt to build a carport onto the family home.

In November 1997, Judith moved out of the family home in Litchfield. At trial, Judith testified that Richard "threw [her] out" of the home and that her departure was not voluntary. Judith moved in with a daughter in Kearney and was living there at the time of the trial.

Richard continued to live in the family home. In interrogatories and at trial, Richard estimated the value of the home to be $17,000. Judith testified that the value of the family home was from $15,000 to $20,000. The documentary evidence of the value of the home was limited to a statement from the Sherman County assessor dated December 15, 2000, which showed a current assessed value of $18,525 for the home.

Judith inherited a half-interest in a house in Silver Creek after her mother died in August 1999. Judith continued to own her portion of the inherited house as a rental property at the time of trial. In addition, Judith had a retirement account through her employment with Litchfield Public Schools. She presented evidence that the value of the account was $17,000.09 when she moved out of the family home in November 1997 and $24,383.91 at the time of the trial.

On January 18, 2001, the district court entered a decree of dissolution in which it found that the marriage was irretrievably broken and should be dissolved. Regarding property division, the district court found that the parties had been separated since November 1997 and determined that because of the "lengthy separation," it would divide the assets and debts as of the date of separation.

The district court found that each party should retain the property currently in his or her possession, except that Judith should receive certain pieces of personal property in Richard's possession which were brought by her into the marriage. The district court assigned values to the marital property possessed by each party according to a chart in the order not repeated here. To equitably divide the property, the district court ordered Richard to pay $2,403 to Judith.

On January 25, 2001, Richard moved for a new trial on the basis, inter alia, that the district court had erred and abused its discretion in the division of property. On February 22, the district court denied the motion for new trial. Richard appeals.

## ASSIGNMENTS OF ERROR

Richard generally asserts that the district court abused its discretion in its division of property. Richard asserts, restated, that the district court abused its discretion by (1) valuing the marital estate as of the date of separation rather than the date of dissolution, using inconsistent valuation dates for different properties, and failing to properly "credit" Richard for money he inherited and used to make improvements to the family home and (2) failing to value Judith's pension as of the date of dissolution in contravention of Neb. Rev. Stat. § 42-366(8) (Reissue 1998).

## STANDARDS OF REVIEW

■ In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. This standard of review applies to the trial court's determinations regarding division of property, alimony, and attorney fees. *Carter v. Carter*, 261 Neb. 881, 626 N.W.2d 576 (2001).

■ In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its

own independent conclusions with respect to the matters at issue. *Id.*

A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm., ante* p. 544, 641 N.W.2d 55 (2002).

## ANALYSIS
*Valuation of Marital Estate.*

Richard argues that the district court abused its discretion by using the date the parties separated, rather than the date of trial, to value the marital estate. Richard also argues that it was error for the district court to use inconsistent dates in valuing assets. Finally, he claims that the district court abused its discretion by failing to "credit" him for moneys he inherited and used to make improvements to the family home.

In a divorce action, "[t]he purpose of a property division is to distribute the marital assets equitably between the parties." Neb. Rev. Stat. § 42-365 (Reissue 1998). Equitable property division under § 42-365 is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets and marital liabilities of the parties. The third step is to calculate and divide the net marital estate between the parties in accordance with the principles contained in § 42-365. *Gibilisco v. Gibilisco, ante* p. 27, 637 N.W.2d 898 (2002). The ultimate test in determining the appropriateness of the division of property is fairness and reasonableness as determined by the facts of each case. *Heald v. Heald,* 259 Neb. 604, 611 N.W.2d 598 (2000).

The marital estate includes property accumulated and acquired during the marriage through the joint efforts of the parties. *Brunges v. Brunges,* 260 Neb. 660, 619 N.W.2d 456 (2000). The date upon which the marital estate is valued should be rationally related to the property composing the marital estate. *Id.*

In the present case, the district court found that the parties "kept separate finances throughout the marriage" and that they separated in November 1997. The record supports this finding. Under the facts of this case, it was reasonable for the district court to conclude that no property was "accumulated and acquired . . . through the joint efforts of the parties," see *id.* at 665, 619 N.W.2d at 461, after the date of their separation, and the district court did not err in using the date of the separation in November 1997, as opposed to the date of dissolution, as the date upon which to identify the composition of the marital estate. The November 1997 date used for valuation was "rationally related to the property composing the marital estate." See *id.* at 667, 619 N.W.2d at 462. We conclude that the district court did not abuse its discretion by choosing the date of separation to identify and value the property composing the marital estate.

Richard argues that even if November 1997 was an appropriate date upon which to value the marital estate, the district court erred by using inconsistent dates in valuing items of property. By way of example, he notes that the district court valued Judith's pension as of November 1997, whereas it valued the family home as of the date of trial.

A review of the record shows that during discovery, the parties focused on current valuations rather than valuations as of the date of separation. There is no pretrial order advising the parties that the district court would base its order regarding property division on valuations as of the date of the separation of the parties. At trial, with minor exception, the parties presented evidence regarding the values of assets and debts as of the date of dissolution. Other than the documentary evidence of the value of Judith's pension as of November 1997, there appears to be no direct evidence of values of any assets or debts at the date of separation. The record does not contain evidence supporting the district court's determination of November 1997 values.

We conclude that the valuation of assets and debts of the marital estate by the district court was untenable, unfairly depriving the parties of a substantial right and denying just results in the matter submitted for disposition. *Carter v. Carter*, 261 Neb. 881, 626 N.W.2d 576 (2001). It was an abuse of discretion for the district court to assign date-of-separation values to marital

assets and debts where such valuations were not supported by the record. The order valuing and dividing the marital property must be reversed, and the cause remanded to the district court for further proceedings to allow the parties to present evidence of values of assets and debts as of the date of separation.

As part of his challenge to the district court's valuation of the marital estate, Richard argues that the district court abused its discretion by failing to "credit" him for moneys he inherited and used to make improvements to the family home. How property, inherited by a party before or during the marriage, will be considered in determining division of property or award of alimony must depend upon the facts of the particular case and the equities involved. *Grace v. Grace*, 221 Neb. 695, 380 N.W.2d 280 (1986). If the inheritance can be identified, it is to be set off to the inheriting spouse and eliminated from the marital estate. *Preston v. Preston*, 241 Neb. 181, 486 N.W.2d 902 (1992). See *Heald v. Heald*, 259 Neb. 604, 611 N.W.2d 598 (2000) (stating that with some exceptions, property acquired by one party through gift or inheritance is not to be included in marital estate).

In view of our ruling reversing the district court's order and remanding the cause regarding the identification, valuation, and division of the marital estate, we need not resolve this claim. On remand, Richard may present evidence in support of this claim. The district court may then rule, based on the facts before it, on Richard's claim involving his inheritances.

*Judith's Pension.*

Although we have concluded that the district court's division of property must be reversed and the cause remanded for further proceedings, we will address Richard's remaining assignment of error to the extent it involves an issue likely to recur on remand. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings. *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000).

Richard claims that the district court abused its discretion by failing to include in the marital estate the entire value of Judith's pension at the date of the dissolution trial. Although, as we concluded above, the date of separation was rationally related to the

property composing the marital estate and may be used as the date upon which to value marital assets, Richard argues that § 42-366(8) requires that a pension invariably be valued at the date of dissolution. We do not agree.

Section 42-366(8) states in part, "The court shall include as part of the marital estate, for purposes of the division of property at the time of dissolution, any pension plans, retirement plans, annuities, and other deferred compensation benefits owned by either party, whether vested or not vested." Richard claims that this language requires that any pension owned by a party at the time of dissolution must not only be included in the marital estate but must also be valued as of the dissolution trial.

We reject Richard's interpretation of § 42-366(8). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Haber v. V & R Joint Venture, ante* p. 529, 641 N.W.2d 31 (2002). Although § 42-366(8) requires that "any pension plans, retirement plans, annuities, and other deferred compensation benefits owned by either party" be included as part of the marital estate, the plain language of the statute does not require that such included assets be valued at the time of dissolution. The expression "at the time of dissolution" in § 42-366(8) qualifies the date at which the marital estate is divided but does not provide that pension-type property must be valued on such date. The pension-type property may be valued as of another date that is rationally related to the property. *Brunges v. Brunges,* 260 Neb. 660, 619 N.W.2d 456 (2000).

Richard refers to our decision in *Brunges v. Brunges, supra,* in which we concluded, based in part on § 42-366(8), that one party was entitled to one-half of the value of the other party's 401K plan computed as of the date of the decree of dissolution. Although under the facts of *Brunges,* we concluded that the plan should be valued as of the date of dissolution, we did not hold that the date of dissolution must invariably be used to value pension-type property. Instead, we have stated that in dissolution actions, district courts have broad discretion in valuing pension rights and dividing such rights between the parties. *Harris v. Harris,* 261 Neb. 75, 621 N.W.2d 491 (2001).

In the present case, the district court complied with § 42-366(8) by including Judith's pension "as part of the marital estate, for

purposes of the division of property at the time of dissolution." As discussed in the previous section of this opinion, the date of separation was rationally related to the property composing the marital estate and the district court would not abuse its discretion on remand by valuing the marital estate including Judith's pension as of the date of the separation. There is no merit to this assignment of error.

## CONCLUSION

We conclude there was no abuse of discretion in the district court's use of the date of separation to value marital property including Judith's pension. However, we conclude that the district court abused its discretion by assigning date-of-separation values to the parties' assets and debts when such values were not supported by evidence in the record. We therefore reverse the district court's order dividing the marital estate and remand the cause to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., participating on briefs.