Dale J. Coufal, appellant, v.
Lavon M. Coufal, appellee.

___ N.W.2d ___

Filed July 17, 2015.    No. S-14-591.

1.  **Divorce: Appeal and Error.** In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge.
2.  **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3.  **Divorce: Child Custody: Child Support: Property Division: Alimony: Attorney Fees: Appeal and Error.** In actions for dissolution of marriage, an appellate court reviews the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees de novo on the record to determine whether there has been an abuse of discretion.
4.  **Divorce: Property Division: Pensions.** In dissolution actions, district courts have broad discretion in valuing pension rights and dividing such rights between the parties.
5.  **Divorce: Property Division.** In a divorce action, the purpose of a property division is to distribute the marital assets equitably between the parties.
6.  ____: ____. As a general rule, all property accumulated and acquired by either spouse during a marriage is part of the marital estate.
7.  **Divorce: Property Division: Pensions.** Only that portion of a pension which is earned during the marriage is part of the marital estate.
8.  ____: ____: ____. Generally, amounts added to and interest accrued on such pensions or retirement accounts which have been earned during the marriage are part of the marital estate. Contributions to pensions before marriage or after dissolution are not assets of the marital estate.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed in part, and in part reversed and remanded with directions.

Kent A. Schroeder, of Ross, Schroeder & George, L.L.C., for appellant.

Gregory G. Jensen, P.C., L.L.O., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## NATURE OF CASE

This is an appeal from a decree of dissolution of marriage in which the district court included in the marital estate the increase in value of the premarital portion of the husband's public employees' retirement account. Prior to the marriage, the increase in value was fixed and guaranteed by statute, but it accrued during the marriage. The court found that the increase in value was "'earned' or accumulated during the marriage" and that it should be included in an equitable division of the marital estate pursuant to Neb. Rev. Stat. § 42-366(8) (Reissue 2008). We find that the increase in value of the premarital portion of the husband's retirement account was not the result of the efforts or contributions of either spouse and, therefore, was not earned during the marriage.

## SCOPE OF REVIEW

[1,2] In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Tyma v. Tyma*, 263 Neb. 873, 644 N.W.2d 139 (2002).

## FACTS

Dale J. Coufal (Appellant) and Lavon M. Coufal (Appellee) were married on June 11, 2004. Each had one prior marriage, and no children were born during this marriage.

Appellant has been employed by the Nebraska Department of Roads since April 1986, including the time during the marriage. He participates in the Nebraska Public Employees Retirement Systems (NPERS), which is not a defined benefit plan that would apply to some state employees. Before the marriage, the balance of Appellant's retirement account was $76,271.45. Under Neb. Rev. Stat. § 84-1301(17) (Reissue 2014), members of NPERS are guaranteed a rate of return on their retirement plans of not less than 5 percent or the applicable federal midterm rate plus 1.5 percent. Appellant claimed that the premarital portion of the retirement account should be valued so as to include the statutorily guaranteed interest on the principal.

Appellant offered the testimony of David Rosenbaum as an expert witness for the purpose of establishing the present value of the premarital portion of Appellant's retirement account. Rosenbaum has a Ph.D. in economics from the University of Wisconsin-Madison. He has been employed in various teaching and administrative positions with the University of Nebraska-Lincoln for almost 30 years and is the owner of an economic consulting firm. Rosenbaum testified that as of May 6, 2013, the adjusted value of the premarital portion of the retirement account ($76,271.45) was $120,010.82. His calculation was based upon the statutory rate of return which the State must provide on the principal. After Rosenbaum determined his formulas, he verified with NPERS that his methodology was correct. The adjusted value of this part of Appellant's retirement account is not disputed.

The district court issued a decree of dissolution on May 5, 2014, in which it valued the retirement account at $219,830.07. The court concluded that the increased value of the premarital estate was accumulated and acquired during the course of the marriage through the joint efforts of the parties and

that, therefore, it was part of the marital estate. The court found that the interest accruing on the premarital portion of the retirement account did not fit into any exception to the general rule that property acquired by either party during the marriage is included in the marital estate.

Appellant contends that the district court abused its discretion in including the interest accruing on the premarital portion of the retirement account as part of the marital estate. He asserts that because the increased value on the premarital principal of the retirement account was guaranteed by § 84-1301, it was not due to the joint efforts of the spouses and, therefore, was not "'earned during the marriage.'" See brief for appellant at 4. We granted Appellant's petition to bypass to address this issue.

## ASSIGNMENTS OF ERROR

Appellant claims that the district court abused its discretion by not excluding from the marital estate the interest accrued on the nonmarital portion of the retirement account. Appellant asserts the court should have excluded the statutorily guaranteed appreciation of $43,739.37, because the increase resulted solely from the appreciation under § 84-1301 and was not the result of the joint efforts of the parties.

## ANALYSIS

[3-5] Our reasoning and conclusion are specific to the facts presented in this case. In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013). This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees. See, *Binder v. Binder, ante* p. 255, ___ N.W.2d ___ (2015); *Reed v. Reed*, 275 Neb. 87, 744 N.W.2d 444 (2008). In dissolution actions, district courts have broad discretion in valuing pension rights and dividing such rights between the parties. *Tyma v. Tyma*, 263 Neb. 873, 644 N.W.2d 139 (2002). In a divorce action,

the purpose of a property division is to distribute the marital assets equitably between the parties. Neb. Rev. Stat. § 42-365 (Reissue 2008). Equitable property division under § 42-365 is a three-step process. The first step is to classify the parties' property as marital or nonmarital. *Tyma, supra*.

In dissolution actions, § 42-366(8) confers upon the court the power to equitably divide the marital estate and to include any pension or retirement plans, annuities, and other deferred compensation as part of the marital estate.

> If the parties fail to agree upon a property settlement which the court finds to be conscionable, the court shall order an equitable division of the marital estate. The court shall include as part of the marital estate, for purposes of the division of property at the time of dissolution, any pension plans, retirement plans, annuities, and other deferred compensation benefits owned by either party, whether vested or not vested.

*Id.*

[6-8] As a general rule, all property accumulated and acquired by either spouse during a marriage is part of the marital estate. *Reed, supra*. Applying this general rule to pensions, we have held that only that portion of a pension which is earned during the marriage is part of the marital estate. See *Blaine v. Blaine*, 275 Neb. 87, 744 N.W.2d 444 (2008). Generally, amounts added to and interest accrued on such pensions or retirement accounts which have been earned during the marriage are part of the marital estate. Contributions to pensions before marriage or after dissolution are not assets of the marital estate. See *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997).

In the case at bar, Appellant claims that the district court abused its discretion by including as part of the marital estate the increase in value of the premarital portion of the account. The question presented is whether the increase in value of the premarital portion of the retirement account should be considered as part of the marital estate.

Other courts have concluded that an increase in value of such property during the marriage is not a marital asset when it is not caused by marital efforts or funds. "Appreciation in separate property is marital property to the extent that it was caused by marital funds or marital efforts; otherwise, it remains separate property." 1 Brett R. Turner, Equitable Distribution of Property § 5:54 at 546 (3d ed. 2005). As early as 1983, one annotation stated:

> [C]ourts in the vast majority of cases in which the issue has arisen have held or recognized that an increase in value in the separate property of a spouse, not attributable in any manner to any contribution of funds, property, or effort by either of the spouses, constitutes separate property . . . .

Annot., 24 A.L.R.4th 453, 456-57 (1983).

Some courts have referred to this dichotomy in the appreciation of separate property as "active" appreciation versus "passive" appreciation. Some states have codified this principle. See, e.g., Ala. Code § 30-2-51(b)(2) (1998); Ark. Code Ann. § 9-12-315(b)(5) (2008); Del. Code Ann. tit. 13, § 1513(b)(4) (2009); D.C. Code § 16-910(a) (2008); 750 Ill. Comp. Stat. Ann. 5/503(b)(2) (LexisNexis Cum. Supp. 2009); Me. Rev. Stat. Ann. tit. 19-A, § 953(2)(E) (Cum. Supp. 2004); Mo. Ann. Stat. § 452.330(5) (West 2003); N.Y. Dom. Rel. Law § 236(B)(d)(3) (McKinney 2010).

In order to determine what portion of Appellant's retirement account is nonmarital property, we examine to what extent the appreciation in the separate premarital portion of the retirement account was caused by the efforts of either spouse. In this context, we held that where appreciation of a wife's separate asset was due principally to inflation and market forces and not to any "significant efforts" by the husband, the appreciation should not have been included in the marital estate. See *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 734, 325 N.W.2d 832, 834 (1982).

In *Buche v. Buche*, 228 Neb. 624, 423 N.W.2d 488 (1988), we held that certain shares of stock should not have been

included in the marital estate, because the parties were married 3 years after the husband began receiving stock; neither spouse contributed money to acquire the stock; the wife did not contribute to the improvement or operation of the stock, nor significantly care for the property during the marriage; and the stock was readily identifiable and traceable to the husband. In these decisions, some level of indirect or direct effort was required by the nontitled spouse—not just inflation or market forces—in order to include the increase in value in the marital estate.

The instant case is analogous to having a certificate of deposit with a fixed rate of interest that was owned by one spouse before the marriage. Both the principal and interest remain separate property because the certificate of deposit was acquired before the marriage, though the full economic value is not realized until after the parties were married. There is no marital effort or contribution during the marriage that affects the accrual of interest on the certificate of deposit.

Similarly, the appreciation of the premarital portion of Appellant's retirement account was guaranteed prior to the marriage. No effort from either spouse directly or indirectly affected the appreciation. The interest accrued solely by operation of § 84-1301. Therefore, the appreciation was not earned during the marriage by the joint efforts or contributions of the parties, because Appellant was legally entitled to the increase in value prior to the marriage.

Other courts have reached similar conclusions. In *Baker v. Baker*, 753 N.W.2d 644 (Minn. 2008), the Minnesota Supreme Court held that where a husband did not devote significant effort to managing his retirement funds and no significant effort was diverted from the marriage to generate the increase in the account, the appreciation in the nonmarital portion of the funds remained separate property. Similarly, a court in Illinois held that the value of a wife's individual retirement account as of the date of marriage, and any subsequent appreciation in value of that amount, was the wife's separate property upon dissolution of the marriage. But the

amount contributed to the retirement account during the marriage, and any subsequent appreciation in value of that amount, constituted marital property. See *In re Marriage of Raad*, 301 Ill. App. 3d 683, 704 N.E.2d 964, 235 Ill. Dec. 391 (1998).

In the case at bar, the district court concluded that the interest accumulated on the premarital portion of the retirement account was a form of marital income earned during the marriage by virtue of Appellant's continued employment. Previously, this court has held that a spouse's income which accumulates during the parties' marriage is a marital asset. *Harris v. Harris*, 261 Neb. 75, 621 N.W.2d 491 (2001). In *Davidson v. Davidson*, 254 Neb. 656, 578 N.W.2d 848 (1998), we held that employee stock options and stock retention shares were acquired during the marriage through the husband's employment during the marriage and were part of the marital estate.

However, in the present case, the increase in value of the premarital portion of Appellant's retirement account was not contingent on Appellant's continued employment with the State, but instead was guaranteed by statute prior to the marriage. The increase in value of the premarital portion of the account was not derived from contributions by the parties during the marriage.

We also reject the suggestion that the premarital funds in the retirement account were commingled and, therefore, should be treated as marital property. "'[S]eparate property becomes marital property [by commingling] if inextricably mingled with marital property or with the separate property of the other spouse. If the separate property continues to be segregated or can be traced into its product, commingling does not occur . . . .'" *Snodgrass v. Snodgrass*, 295 S.W.3d 240, 256 (Tenn. 2009). Such commingling occurred in *Heald v. Heald*, 259 Neb. 604, 611 N.W.2d 598 (2000), where we set aside from the marital estate the amount of a downpayment made on the purchase of a home prior to the marriage, but not to any

interest accrued on the amount because the mortgage payments were made by the parties during the marriage.

In the instant case, the increase in value of the premarital portion of the retirement account is readily identifiable and traceable to Appellant's premarital portion of the retirement account.

Finally, we note that Rosenbaum's calculation of the increase in value of the premarital portion of the retirement account included a present value date of May 6, 2013, which was neither the date the parties separated nor the date of the dissolution decree. Instead, May 6 was the date Rosenbaum issued his report, and the parties do not dispute the value of the premarital portion of the retirement fund as of that date, nor do they assert that an alternative date should have been used. Therefore, we conclude that the value of the nonmarital portion of Appellant's retirement account should be valued as of May 6, 2013.

## CONCLUSION

The district court abused its discretion by including as a marital asset the increase in value of the nonmarital portion of the retirement account. Such increase in value was not due to the efforts or contribution of marital funds by the parties during the marriage, and it was readily identifiable and traceable to the nonmarital portion of the account.

Therefore, we reverse the portion of the divorce decree that included the increase in value of the nonmarital portion of the retirement account as determined on May 6, 2013, and we remand the cause with directions to exclude this amount from the marital estate. In all other respects, the judgment of the district court is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.