Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/22/2016 09:07 AM CDT

Jennifer Lorenzen, appellee, v.
David M. Lorenzen, appellant.
___ N.W.2d ___

Filed July 22, 2016.    No. S-15-514.

1. **Divorce: Appeal and Error.** In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees.

2. **Divorce: Property Division.** The ultimate test in determining the appropriateness of the division of property is fairness and reasonableness as determined by the facts of each case.

3. ____: ____. Under Neb. Rev. Stat. § 42-365 (Reissue 2008), the equitable division of property is a three-step process. The first step is to classify the parties' property as marital or nonmarital, setting aside the nonmarital property to the party who brought that property to the marriage. The second step is to value the marital assets and marital liabilities of the parties. The third step is to calculate and divide the net marital estate between the parties in accordance with the principles contained in § 42-365.

4. ____: ____. As a general rule, all property accumulated and acquired by either spouse during a marriage is part of the marital estate.

5. **Divorce: Property Division: Pensions.** Only that portion of a pension which is earned during the marriage is part of the marital estate.

6. ____: ____: ____. Generally, amounts added to and interest accrued on pensions or retirement accounts which have been earned during the marriage are part of the marital estate. Contributions to pensions before marriage or after dissolution are not assets of the marital estate.

7. **Social Security: Divorce.** Social Security benefits themselves are not subject to direct division in a dissolution proceeding.

8. **Constitutional Law: Federal Acts: Social Security: Divorce: Property Division.** The anti-assignment clause of the Social Security Act and the

Supremacy Clause of the U.S. Constitution prohibit a direct offset to adjust for disproportionate Social Security benefits in the property division of a dissolution decree.

Appeal from the District Court for Saunders County: MARY C. GILBRIDE, Judge. Affirmed.

John H. Sohl for appellant.

Mark J. Krieger and Terri M. Weeks, of Bowman & Krieger, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

David M. Lorenzen appeals from the property division portion of the decree of the district court for Saunders County dissolving his marriage to Jennifer Lorenzen. David claims that because the court determined that Jennifer's future Social Security benefits should not be considered part of the marital estate, the court erred when it included a certain portion of David's pension plan as marital property, which plan he argues was intended as a substitute for Social Security. Finding no error, we affirm.

## STATEMENT OF FACTS

David and Jennifer were married in December 1991, and Jennifer filed a complaint seeking to dissolve the marriage in December 2013. The parties reached agreement on issues relating to child custody and developed a parenting plan. They also agreed on several issues relating to the division of marital property, but a trial was required to determine certain property-related issues, including the division of the parties' retirement plans.

Evidence at the trial established the following facts relevant to the issues in this appeal: During the marriage, Jennifer had

worked as a teacher in the public schools and later as an associate professor of education at a private university. As a result of such employment, Jennifer had two retirement accounts. In addition, throughout her employment, Jennifer had paid Social Security taxes and, upon her retirement or disability, she would be eligible for any Social Security benefits to which she would be entitled by law at such time.

At the time of trial, David had been employed as a firefighter for the city of Lincoln since 1990, a year and a few months before the parties married. In his job as a firefighter, David was not subject to Social Security taxes, and as a result, he would not be eligible for Social Security benefits upon retirement or disability. Although he was not eligible for Social Security, David contributed to a police/fire pension system administered by the city of Lincoln. David testified that when he was first hired, he contributed a percentage that was equivalent to the Social Security rate in effect at that time to the pension plan. He testified that in 1995, he exercised an option to increase his contribution to a somewhat higher percentage, and he has contributed at the higher percentage since that time. David has two other retirement accounts, in addition to the pension plan.

With the exception of David's pension plan, the parties agreed as to the treatment and division of the parties' retirement plan assets. Jennifer contended that the portion of the pension plan that was earned during the marriage should be divided equally between the parties. David contended that, because Jennifer would be eligible for Social Security benefits and he would not, and because the pension plan was intended as a substitute for Social Security benefits, the portion of the pension plan that was attributable to contributions he had made to it in lieu of Social Security should not be considered in the division of marital property. David argued that the only portion of the pension plan that should be divided between the parties was the portion attributable to the optional contributions he had made in excess of the Social Security rate

during the marriage. David presented testimony of an actuarial professional who calculated the portion of the pension plan that was attributable to David's contributions in excess of the Social Security rate.

In the decree of dissolution, the court addressed the parties' dispute regarding the division of David's pension plan. The court determined that David's proposed treatment of the pension plan was the sort of offset against Social Security benefits that was prohibited under this court's holding in *Webster v. Webster*, 271 Neb. 788, 716 N.W.2d 47 (2006). The court concluded that the entire marital portion of the pension plan should be included in the marital estate. The court thereafter divided the marital estate equally between the parties.

David appeals from the ruling regarding the treatment of his pension plan.

## ASSIGNMENT OF ERROR

David claims that the district court erred when it determined that the entire marital portion of his pension plan should be included in the marital estate which was divided equally between the parties.

## STANDARD OF REVIEW

[1] In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Coufal v. Coufal*, 291 Neb. 378, 866 N.W.2d 74 (2015). This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees. *Id*.

## ANALYSIS

David claims that the district court erred when it determined that the entire marital portion of his pension plan should be included in the marital estate which was divided equally between the parties. He contends that because the pension plan was intended to be a substitute for Social Security benefits,

and because Jennifer's Social Security benefits could not be considered in the division of property, the portion of the pension plan that was attributable to contributions he had made in lieu of Social Security payments should be considered his separate property and should not be divided between the parties. In effect, David argues that because provision for Jennifer's retirement by way of Social Security is not included in the marital estate, provision for his retirement reminiscent of Social Security should likewise be excluded. We find no merit to David's arguments.

[2,3] Because David takes issue with the district court's treatment of property, we review general standards relating to the division of property. Under Nebraska's divorce statutes, "[t]he purpose of a property division is to distribute the marital assets equitably between the parties." Neb. Rev. Stat. § 42-365 (Reissue 2008). The ultimate test in determining the appropriateness of the division of property is fairness and reasonableness as determined by the facts of each case. *Despain v. Despain*, 290 Neb. 32, 858 N.W.2d 566 (2015). We have stated that under § 42-365, the equitable division of property is a three-step process. The first step is to classify the parties' property as marital or nonmarital, setting aside the nonmarital property to the party who brought that property to the marriage. The second step is to value the marital assets and marital liabilities of the parties. The third step is to calculate and divide the net marital estate between the parties in accordance with the principles contained in § 42-365. *Despain v. Despain, supra*. Because he argued that part of the pension plan should have been deemed nonmarital property and set aside to him, David's proposed treatment of his pension plan was directed at the first step of the division of property process.

[4-6] When parties to a divorce fail to agree upon a property settlement, Neb. Rev. Stat. § 42-366(8) (Reissue 2008) confers upon the court the power to "order an equitable division of the marital estate" and specifically provides that the marital estate subject to such division shall include "any pension plans,

retirement plans, annuities, and other deferred compensation benefits owned by either party, whether vested or not vested." As a general rule, all property accumulated and acquired by either spouse during a marriage is part of the marital estate. *Coufal v. Coufal*, 291 Neb. 378, 866 N.W.2d 74 (2015). Applying this general rule to pensions, we have held that only that portion of a pension which is earned during the marriage is part of the marital estate. *Id*. Although there are exceptions, generally, amounts added to and interest accrued on such pensions or retirement accounts which have been earned during the marriage are part of the marital estate. *Id*. Contributions to pensions before marriage or after dissolution are not assets of the marital estate. *Id*.

The district court in this case applied these general rules to the pension plans. The court excluded from the marital estate portions of David's pension plan that were contributed and earned prior to the marriage. And the court determined that the portion of David's pension plan that was earned during the marriage, the "marital portion," should be included in the marital estate. David, however, argued that because he did not contribute to Social Security and because the pension plan was intended as a substitute for Social Security, a part of the marital portion, equivalent to contributions he would have made to Social Security had he been eligible, should be excluded from the marital estate and considered his separate property. David argued that such treatment would be fair in this case, because Jennifer would be eligible to receive Social Security benefits but her future Social Security benefits could not be subject to division as part of the marital estate.

At this point, we clarify the limited scope of the analysis required in this appeal. David's assignment of error is directed to the court's treatment of his pension plan as marital property. David does not otherwise claim that the court's overall division and equalization of the marital estate—which is within the general rule of one-third to one-half to each spouse, *Millatmal v. Millatmal*, 272 Neb. 452, 723 N.W.2d 79 (2006)—should

be reviewed. Compare *Marriage of Peterson*, 243 Cal. App. 4th 923, 197 Cal. Rptr. 3d 588 (2016) (denying appellate relief to wife and noting that because of community property equal division statutes, courts were required to subject wife's pension plan to equal division even though husband's Social Security contributions excluded from community property). And neither party contends that David's potential access to Jennifer's Social Security retirement through "derivative benefits" should be factored into our appellate review of David's claimed error. Accordingly, we limit our consideration to the focus of David's argument addressed to the characterization of his pension plan.

[7,8] We start by noting that the district court properly excluded Jennifer's future Social Security benefits from the marital estate and from consideration in the property division. In *Webster v. Webster*, 271 Neb. 788, 796, 716 N.W.2d 47, 54 (2006), we stated that 42 U.S.C. § 407(a) (2000) "preempts state law that would authorize distribution of Social Security benefits, and that Social Security benefits themselves are not subject to direct division in a dissolution proceeding." In *Webster*, we held that "the anti-assignment clause of the Social Security Act and the Supremacy Clause of the U.S. Constitution prohibit a direct offset to adjust for disproportionate Social Security benefits in the property division of a dissolution decree." 271 Neb. at 800, 716 N.W.2d at 56. We noted that the "U.S. Supreme Court has not specifically addressed whether a state court can indirectly offset or otherwise consider the parties' respective Social Security benefits in dividing marital property in a dissolution proceeding," *id.* at 797, 716 N.W.2d at 54, and we cited decisions by other state courts interpreting the Social Security Act which supported our decision. We concluded in *Webster* that the trial court did not err when it refused the husband's request that, because he had not contributed to Social Security and his wife had, the court should allow him "'to offset some of the inequity in social security benefits against his payment of

pension benefits to'" his wife. 271 Neb. at 791, 716 N.W.2d at 50.

David argues that what he proposed differs from what is prohibited under *Webster*, because instead of focusing on the Social Security benefits Jennifer will receive and providing an offset to him based on the anticipated amount of her benefits, he focused on the assertion that his contributions to his pension plan were made as a substitute for Social Security contributions. David argues that his contributions to the pension plan, to the extent they were made in lieu of Social Security contributions, should be treated the same as the contributions Jennifer made to Social Security and should be excluded from the marital estate and the property division.

In rejecting David's argument, the district court cited *In re Marriage of Mueller*, No. 4-13-0918, 2014 WL 2155238 (Ill. App. May 19, 2014) (unpublished opinion), which, the district court said, presented "the identical situation as in the present case." In *In re Marriage of Mueller*, the husband was a police officer who did not pay into Social Security and instead paid into a city pension account; in the dissolution proceeding, he "sought an offset from the division of his pension for an amount representing Social Security benefits he would have received." The Illinois Appellate Court in *In re Marriage of Mueller* concluded that the offset proposed by the husband was improper based on Illinois precedent similar to our holding in *Webster*.

We note that, subsequent to the entry of the decree of dissolution in this case, the Illinois Supreme Court affirmed the decision of the Illinois Appellate Court in the *In re Marriage of Mueller* case. See *In re Marriage of Mueller*, 2015 IL 117876, 34 N.E.3d 538, 393 Ill. Dec. 337 (2015), *cert. denied* ___ U.S. ___, 136 S. Ct. 1163, 194 L. Ed. 2d 176 (2016). The Illinois Supreme Court held that in determining the division of marital assets, the trial court could not reduce the husband's pension benefits by an amount of hypothetical Social Security benefits he might have received had he been eligible. The

Illinois Supreme Court stated that § 407(a) "imposes a broad bar against using any legal process to reach Social Security benefits." *In re Marriage of Mueller*, 2015 IL 117876 at ¶ 20, 34 N.E.2d at 542, 393 Ill. Dec. at 341. The Illinois Supreme Court recognized that the treatment proposed by the husband in *In re Marriage of Mueller* was "not strictly speaking an offset," but the court characterized the proposed method as creating "parallel benefits for [the husband] that would affect the division of marital property." 2015 IL 117876 at ¶ 23, 34 N.E.2d at 543, 393 Ill. Dec. at 342.

The Illinois Supreme Court in *In re Marriage of Mueller* determined the husband's proposal to be inappropriate under § 407(a), as well as for two additional reasons. First, the court noted that under Illinois divorce law, pension benefits attributable to contributions made during the marriage are marital property but Social Security benefits are not. Social Security benefits are not marital property, because "participants in the Social Security program do not have accrued property rights to their benefits"; instead they have "expectancies," but they "are never guaranteed to get out what they put into it because Congress has reserved the ability to alter, amend, or even repeal parts of the Social Security Act." *In re Marriage of Mueller*, 2015 IL 117876 at ¶ 24, 34 N.E.2d at 543, 393 Ill. Dec. at 342. Social Security benefits therefore are not "owned" in the same sense as are pension benefits to which a participant is entitled, and they should not be considered marital property in the same way that pension benefits are.

Second, the Illinois Supreme Court stated that "as a matter of policy, any rule permitting trial courts to consider the mere existence of Social Security benefits without considering their value, and thereby violating federal law, is nearly impossible to apply." *Id.* at ¶ 25, 34 N.E.2d at 544, 393 Ill. Dec. at 343. The court noted difficulties in applying the method proposed by the husband in *In re Marriage of Mueller* because of "the uncertainties inherent in Social Security benefits" and the speculation involved in estimating such benefits. 2015 IL

117876 at ¶ 26, 34 N.E.2d at 544, 393 Ill. Dec. at 343. The court determined that it was "both illogical and inequitable" to adjust the marital estate for "hypothetical Social Security benefits that, even if [the husband] had participated in that program, he may not ever receive." *Id.* at ¶ 26, 34 N.E.2d at 545, 393 Ill. Dec. at 344.

We generally agree with the reasoning of the Illinois Supreme Court in *In re Marriage of Mueller* and find its reasoning applicable in this case. As noted above, we determined that federal law "prohibit[s] a direct offset to adjust for disproportionate Social Security benefits in the property division of a dissolution decree." *Webster v. Webster*, 271 Neb. 788, 800, 716 N.W.2d at 47, 56 (2006). Although the treatment urged by David is not strictly speaking a direct offset for Jennifer's expected Social Security benefits, his treatment creates hypothetical parallel Social Security benefits attributable to him and requires those benefits to be offset against the value of his pension plan. David's proposal differs from the one considered by the Illinois Supreme Court in *In re Marriage of Mueller*, because David does not focus on expected Social Security benefits but instead on contributions made in lieu of Social Security payments. David's method might reduce the level of speculation inherent in predicting future benefits, but it still has the effect of offsetting pension benefits based on hypothetical benefits David might have received had he been eligible to participate in the Social Security program.

The policy concerns cited by the Illinois Supreme Court are also relevant here, and David's proposed treatment is inappropriate for reasons of both Nebraska law and policy. As noted above, under § 42-366(8), a pension plan is specifically required to be included in the marital estate subject to division by the court. By contrast, even without the federal law prohibitions discussed above, Social Security benefits likely would not be considered marital property under Nebraska law, because their receipt and value are purely speculative. As noted by the Illinois Supreme Court, participants in the Social

Security program have only an expectancy of benefits and not an accrued property right. By contrast, a participant in a pension plan has a legal right to benefits in accordance with the terms of the plan. Because of these differences between Social Security benefits and pension plans, it is not appropriate to equate a portion of a pension plan as being the equivalent of Social Security benefits and to therefore exclude it from the marital estate. Even though David's contributions to the pension plan may have been made as a substitute for participation in the Social Security program, significant differences in participants' rights to pension benefits as compared to Social Security benefits make it inappropriate to treat the two types of benefits as equivalent.

In this case, David sought to have a specific portion of his pension plan excluded from the marital estate, and the purpose for his proposed exclusion would have been to adjust for the disproportion in the parties' expectation of Social Security benefits. David's proposal was effectively a direct offset from the marital estate based on the fact that Jennifer was expected to receive Social Security benefits and he was not. Such a direct offset is prohibited by federal law and our precedent. We therefore conclude that the district court did not abuse its discretion when it rejected David's request.

## CONCLUSION

We determine that the district court did not abuse its discretion when it rejected David's request to treat the part of the marital portion of his pension plan that was akin to contributions he had made in lieu of Social Security payments as his separate property rather than marital property. We therefore affirm the decree of dissolution.

AFFIRMED.