IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

LIU V. WELCH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JIAHUI LIU, APPELLANT,

V.

TYLER WELCH, APPELLEE.

Filed May 21, 2024.    No. A-23-466.

Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Affirmed.

Vanessa J. Gorden, of Gorden Law, L.L.C., for appellant.

Tyler D. Welch, pro se.

MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Jiahui Liu appeals the Douglas County District Court's dissolution decree determining custody of the parties' two canine companions, "Kiwi" and "Bagel." Specifically, Liu contends that the district court erred in finding that Kiwi and Bagel were part of the parties' marital estate, in failing to award her both of the parties' dogs, in requiring her to choose whether to keep Kiwi or Bagel, and in ordering Tyler Welch to pay her only $500 as an equalization payment. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Liu and Welch were married in October 2020. In February 2023, Liu filed a complaint to dissolve the parties' marriage. The parties had no children and were able to divide their personal property without dispute except for the parties' two dogs known as "Kiwi" and "Bagel." When Liu moved out of the parties' home, she took both dogs and the items of personal property that she

wanted. She left items of personal property in the apartment including a large-screen TV, a PlayStation, and a Dyson vacuum cleaner.

Trial was held over 2 days in May 2023. Although the majority of the testimony concerned the parties' two dogs, we note that the court received into evidence Liu's marital estate spreadsheet which valued the personal property retained by Liu at $2,400 and the personal property retained by Welch at $3,280. Additionally, the evidence established that Liu moved out of the parties' home while Welch was out of town and that she took both dogs and the personal property that she wanted with her.

Liu testified that the parties owned two dogs and that she wanted to be awarded both of the dogs. Liu testified that she purchased "Kiwi" prior to the parties' marriage. However, Welch testified that Liu paid a $100 deposit toward the purchase of Kiwi. According to Welch, Liu was out of the country when he picked up Kiwi from the breeder and he paid the remaining $400 owed when he picked up Kiwi from the breeder. Liu countered that she gave Welch the $400 in cash to pay the breeder.

Liu acknowledged that Bagel was purchased during the parties' marriage, but she testified that she purchased Bagel from a breeder and that Welch did not participate in any conversations with the breeder, he did not participate in selecting or paying for Bagel, and that she purchased Bagel from money in her premarital savings account. When Welch questioned Liu about whether Bagel was a gift to him after his mother passed away, Liu denied it. Liu acknowledged that she offered Welch between $350 to $2,000 for Bagel so that she could have ownership of both dogs.

In his testimony, Welch stated that he and Liu love both dogs and

have ownership in both [of] the dogs. We both have put in the same amount of money into them and training. It was more on my part to do the training and do the cleaning up, where it was her job to do the feeding, nurturing, and so we both had a hand in that.

And I would have signed the decree had [we] split ownership of the dogs . . . but she disagreed. I begged her to rethink the decree and just split the dogs because that would leave me lonely, pretty much. And while I was in Utah here this last couple weeks, she just moved out with the dogs without telling me, and so that's why I haven't returned home because I don't want to be without them yet.

And so they mean the world to both of us, and it would be unfair to deprive one of us of both of them. So it's my intention to see that we get a split agreement -- I mean ownership of the dogs.

In the exhibit titled "Plaintiff's Suggestion To The Court," Liu suggested:

8. Regarding Kiwi, . . . Liu shall retain her premaritally purchased canine companion, known as "Kiwi[,"] as her separate, non-marital property.

(Proposed Alternative Orders)

9. A. Regarding Bagel, . . . Liu shall be awarded the canine companion known as "Bagel" and shall pay . . . Welch $350.00 to equalize the marital estate within ten days of the date of this Decree . . .

OR IN THE ALTERNATIVE:

B. Regarding Bagel, . . . Welch shall be awarded the canine companion known as "Bagel" and shall pay . . . Liu $2,000.00 to repay the premarital funds she expended to

- 2 -

purchase this animal and $440 to equalize the marital estate. . . . Liu shall retain possession of Bagel until the $2,440 is paid and shall receipt for the same. If . . . Welch fails to make payment within thirty (30) days, . . . Liu shall retain the animal.

OR IN THE ALTERNATIVE:

C. Regarding Bagel, . . . Liu shall be awarded the canine companion known as "Bagel" and shall pay . . . Welch $2,000 within ten days to purchase the same to acknowledge that the canine has sentimental value to both parties. Although this results in . . . Liu purchasing Bagel twice with her separate nonmarital funds, . . . Liu testified she is willing to do so.

In May 2023, the district court entered a decree dissolving the parties' marriage. The court found that Liu purchased Kiwi prior to the parties' marriage and that "Bagel was purchased in April 2022 during the marriage." The court found "that each party should leave the marriage with one dog and required [Liu] to select one of the dogs to remain in her possession. [Liu] selected Kiwi." The court awarded Kiwi to Liu and awarded Bagel to Welch. Finally, the court ordered Welch to pay Liu $500 to equalize the parties' marital estate and after Welch paid Liu $500, Liu was to give Welch possession of Bagel. Liu has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Liu contends that the district court erred in finding Kiwi and Bagel were part of the parties' marital estate, in failing to award her both of the parties' dogs, in requiring her to choose whether to keep Kiwi or Bagel, and in determining the amount of the equalization payment.

## STANDARD OF REVIEW

In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Wiedel v. Wiedel*, 300 Neb. 13, 911 N.W.2d 582 (2018). This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees. *Id.*

In a review de novo on the record, an appellate court is required to make independent factual determinations based upon the record, and the court reaches its own independent conclusions with respect to the matters at issue. *Westwood v. Darnell*, 299 Neb. 612, 909 N.W.2d 645 (2018). When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *McCullough v. McCullough*, 299 Neb. 719, 910 N.W.2d 515 (2018).

## ANALYSIS

Liu contends that the district court erred in finding that Kiwi and Bagel were part of the parties' marital estate, in failing to award her both of the parties' dogs, in requiring her to choose whether to keep Kiwi or Bagel, and in determining the amount of the equalization payment. We address each claim in turn.

We first address whether the district court erred in finding that Kiwi and Bagel were part of the parties' marital estate.

Neb. Rev. Stat. § 54-601(10) (Reissue 2021), provides, in pertinent part, that "[d]ogs are hereby declared to be personal property for all intents and purposes . . ." See also *Meelhuysen v. Meelhuysen*, No. A-17-866, 2018 WL 4340118, at *9 (Neb. App. Sept. 11, 2018) (selected for posting to court website) ("[f]or purposes of our analysis of the equitable division of the net marital estate, we have considered the dog as an item of marital property awarded to [the appellee]"). As such, as it relates to the division of Kiwi and Bagel, we analyze our jurisprudence governing the division of personal property.

Under Neb. Rev. Stat. § 42-365 (Reissue 2016), the equitable division of property is a three-step process. *Westwood v. Darnell*, 299 Neb. 612, 909 N.W.2d 645 (2018). The first step is to classify the parties' property as marital or nonmarital. *Id.* The second step is to value the marital assets and marital liabilities of the parties. *Id.* The third step is to calculate and divide the net marital estate between the parties in accordance with the principles contained in § 42-365. *Westwood v. Darnell, supra*. The ultimate test in determining the appropriateness of the division of property is fairness and reasonableness as determined by the facts of each case. *Id.*

As the Nebraska Supreme Court noted in *Brozek v. Brozek*, 292 Neb. 681, 698, 874 N.W.2d 17, 31 (2016):

> Generally, all property accumulated and acquired by either spouse during a marriage is part of the marital estate. Exceptions include property that a spouse acquired before the marriage, or by gift or inheritance. Setting aside nonmarital property is simple if the spouse possesses the original asset, but can be problematic if the original asset no longer exists. Separate property becomes marital property by commingling if it is inextricably mixed with marital property or with the separate property of the other spouse. If the separate property remains segregated or is traceable into its product, commingling does not occur. The burden of proof rests with the party claiming that property is nonmarital.

Here, Liu contends that Kiwi and Bagel were not part of the marital estate. Although the parties agree that Kiwi was purchased prior to the parties' marriage, there was conflicting evidence on whether Welch contributed to the payment of Kiwi's purchase price. The parties did not dispute that Bagel was acquired during the marriage, but Liu argues that Bagel was purchased with premarital funds and should be considered premarital property. In response, Welch testified that during the parties' marriage, both parties provided the dogs with love and affection, both cared for the dogs, both contributed to the financial responsibility of owning the dogs, and both participated in the feeding, training, nurturing, and cleaning up after the dogs.

Assuming without deciding that Kiwi and Bagel originated as Liu's premarital property, we find that, during the parties' marriage, Kiwi and Bagel became marital property due to the marital contributions of both Liu and Welch in providing for Kiwi and Bagel during the marriage. Accordingly, we find no abuse of discretion in the classification of Kiwi and Bagel as marital assets in the division of the parties' marital property. This claim fails.

FAILURE TO AWARD LIU BOTH KIWI AND BAGEL AND
MAKING LIU CHOOSE WHICH DOG TO RETAIN

We next address whether the district court erred in splitting the award of Bagel and Kiwi between the parties.

In *Snow v. Snow*, 32 Neb. App. 513, 521, 1 N.W.3d 557, 566 (2023), this court stated:

Neb. Rev. Stat. § 42-365 (Reissue 2016) authorizes a trial court to equitably distribute the marital estate according to what is fair and reasonable under the circumstances. *Parde v. Parde*, 313 Neb. 779, 986 N.W.2d 504 (2023). In a marital dissolution action, the purpose of a property division is to distribute the marital assets equitably between the parties. *Id.*

Here, we note that the parties divided their personal property without incident with the exception of Kiwi and Bagel. We have determined that Kiwi and Bagel were part of the parties' marital estate and, as such, needed to be divided fairly and reasonably. Further, Liu acknowledged that Welch has emotional connections to both dogs and Welch testified that both parties were involved in the dogs' care. We also recognize that Liu removed the personal property that she wanted from the apartment and that the district court granted Liu the choice of which dog to retain.

Giving weight to the fact that the district court heard and observed the witnesses, that both dogs are marital property, and that the polestar for property division is fairness and reasonableness, we cannot find that the court abused its discretion in awarding one dog to each party and providing Liu with first choice in the selection of dogs. This claim fails.

AMOUNT OF EQUALIZATION PAYMENT

Liu's final assignment of error is that the court abused its discretion in ordering Welch to pay her a $500 equalization payment.

There is no mathematical formula by which property awards can be precisely determined, but as a general rule, a spouse should be awarded one-third to one-half of the marital estate, the polestar being fairness and reasonableness as determined by the facts of each case. *Parde v. Parde*, 313 Neb. 779, 986 N.W.2d 504 (2023); *Snow v. Snow*, 32 Neb. App. 513, 1 N.W.3d 557, 521 (2023).

Regardless of when Kiwi and Bagel were purchased, we have determined they ultimately became marital property based upon the care and expenditures of both parties during the parties' marriage. As such, in dividing the parties' marital property, we need to assign value to the marital property divided. Although we have Liu's valuation of personal property provided to the district court, the parties did not establish the value of the two dogs at the time of the dissolution hearing. Accordingly, in our determination of the court's equalization of the marital estate, we place no monetary value on Kiwi and Bagel.

Based upon the only valuation of personal property in the record, Liu was awarded $2,400, and Welch was awarded $3,280, of the marital estate with Welch ordered to pay Liu a $500 equalization payment. Accordingly, the percentage of marital property awarded to each party is as follows:

|                            | Awarded to Liu | Awarded to Welch |
|----------------------------|:--------------:|:----------------:|
| Personal Property          | $2,400         | $3,280           |
| Equalization Payment       | 500            | (500)            |
| Total After Equalization   | $2,900         | $2,780           |
| Percent of Marital Property| 51 percent     | 49 percent       |

The district court's award of personal property is within the general rule that a spouse should be awarded one-third to one-half of the marital estate. Accordingly, we cannot find that the district court erred in setting the equalization payment that Welch must pay to Liu at $500.

CONCLUSION

Having considered and rejected Liu's assigned errors, we affirm the decree of dissolution in its entirety.

AFFIRMED.